This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39453**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MICHAEL ANGELO GRIEGO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Court Judge**

Raúl Torrez, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Defendant appeals a jury's conviction for five counts of criminal sexual penetration of a minor (CSPM), contrary to NMSA 1978, Section 30-9-11 (2003, amended 2009), and three counts of kidnapping with intent to commit a sexual offense, contrary to NMSA 1978, Section 30-4-1(A)(4) (2003). We remand for the district court to vacate Defendant's three kidnapping convictions but otherwise affirm.

**DISCUSSION**

**{2}** Defendant raises five issues on appeal. We understand Defendant's double jeopardy arguments to relate solely to alleged inadequacies in the kidnapping counts. We do not address these arguments because in this opinion, we conclude that the kidnapping convictions were not supported by sufficient evidence and remand for those convictions to be vacated. As we otherwise find no error, we also do not address Defendant's cumulative error argument. We address Defendant's remaining arguments in turn.

## I.      The Evidence Did Not Support Kidnapping Charges Separate From the CSPM Charges

**{3}** To support a guilty verdict for kidnapping, the evidence must demonstrate that the "'restraint or movements'" were not "'merely incidental to another crime.'" *State v. Tapia*, 2015-NMCA-048, ¶ 29, 347 P.3d 738 (alteration omitted) (quoting *State v. Trujillo*, 2012-NMCA-112, ¶ 1, 289 P.3d 238). We evaluate the totality of the circumstances to determine whether the restraints and movements were incidental to another crime, including whether (1) the nature of the restraint increased the defendant's culpability beyond that inherent to the underlying crime; (2) the restraint "was any longer or greater than that necessary to commit" the underlying crime; and (3) the restraint increased the risk or severity of the harm that is "inherent to the underlying crime." *See Tapia*, 2015-NMCA-048, ¶ 31. In the present case, Defendant argues that the evidence showed only that Defendant "locked the bedroom door and held [Victim] immobilized on the bed during each episode of abuse." No evidence showed that the nature of these restraints (1) increased Defendant's culpability beyond the CSPM, (2) were longer than necessary to commit the CSPM, or (3) increased the harm to Victim or the severity of the assault. *See id.* The State concedes that the evidence was insufficient to support the kidnapping convictions. "While we are not required to accept the [s]tate's concession," *see State v. Salazar*, 2023-NMCA-026, ¶ 7, 527 P.3d 693, we agree that the evidence did not support kidnapping charges separate from the CSPM charges.

## II.      The Delay in Perfecting the Appeal Did Not Violate Due Process

**{4}** Defendant contends that the approximately twelve-and-a-half-year delay in perfecting the appeal violated his right to due process. In considering whether appellate delay has violated due process, we first "evaluate the impact of the appeal period on the appellant" to determine whether there has been any prejudice. *State v. Garcia*, 2019-NMCA-056, ¶ 46, 450 P.3d 418. Defendant urges us to apply the speedy trial analysis, "at least by analogy," and argues that the length of delay arising entirely from his counsel's negligence establishes the requisite prejudice. We decline to depart from our reasoning in *Garcia*, which rejected the speedy trial framework in the context of appellate delay. *See id.* ¶ 44.

**{5}** Instead, this Court identified "two potential forms of prejudice that courts evaluating appellate delay commonly consider: (1) prejudice to a defendant's ability to assert [their] arguments on appeal, and (2) prejudice to a defendant's right to defend

[themselves] in the event of retrial or resentencing." *Id.* ¶¶ 44, 46. Defendant acknowledges that the ability to pursue the present appeal remedied the first form of prejudice, but argues that he will be prejudiced if a new trial is granted because the delay "would make it nearly impossible to locate and subpoena witnesses" and he has lost "family ties, friendships, and employment connections that could help him make his case to a jury." Because our holding will not result in retrial, Defendant has not established prejudice resulting from the ability to defend himself on retrial. *See State v. Vigil*, 2021-NMCA-024, ¶ 27, 489 P.3d 974 (explaining that because the "[d]efendant's arguments on appeal were not successful" the defendant had "failed to point to any possible prejudice" resulting from appellate delay).

### III. The Record Does Not Demonstrate a Prima Facie Case for Ineffective Assistance of Counsel

**{6}** We last address Defendant's claim that he received ineffective assistance of counsel. "In order for [the d]efendant to prevail on [an] ineffective assistance of counsel claim, [the defendant] must first demonstrate error on the part of [the] attorney and then show that the error prejudiced [the] defense." *State v. Dombos*, 2008-NMCA-035, ¶ 39, 143 N.M. 668, 180 P.3d 675. On direct appeal, "we evaluate the facts that are part of the record" and "[i]f facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition." *State v. Jackson*, 2020-NMCA-034, ¶ 53, 468 P.3d 901 (alteration, internal quotation marks, and citation omitted). Defendant argues that in addition to failing to file the notice of appeal, defense counsel was ineffective for failing to object to certain testimony and failing to submit a sentencing memorandum to attempt to mitigate the district court's sentence.

**{7}** Having already addressed Defendant's failure at this stage to demonstrate prejudice arising from the failure to file a notice of appeal, we further conclude that Defendant has not identified prejudice arising from the failure to file a sentencing memorandum. As the State notes, Defendant does not articulate what information defense counsel should have included in a sentencing memorandum in order to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Dombos*, 2008-NMCA-035, ¶ 39 (internal quotation marks and citation omitted); *see also id.* (defining the requisite prejudice). Because Defendant has not established prejudice arising from these asserted errors, we turn to Defendant's remaining arguments related to the trial testimony.

**{8}** Defendant argues that he was prejudiced by defense counsel's errors because counsel did not object to (1) testimony that Defendant contends was improper lay opinion testimony, (2) testimony that Defendant asserts improperly bolstered Victim's testimony, and (3) testimony that Defendant maintains lacked foundation. Defendant additionally contends that each error was a plain error and faults both counsel and the district court. Defendant's contentions focus on two witnesses, the Children, Youth and Families Department investigator and the Sexual Assault Nurse Examiner (SANE). We

consider each asserted instance of plain error and determine whether defense counsel's performance fell "below an objective standard of reasonableness" and/or whether any error caused prejudice to Defendant's defense. *See Dombos*, 2008-NMCA-035, ¶ 39 (internal quotation marks and citation omitted); *Garcia*, 2019-NMCA-056, ¶ 10 (requiring for plain error the admission of testimony creating "grave doubts concerning the validity of the verdict").

**{9}**    First, Defendant argues that both witnesses offered opinions based on their direct observations (lay opinion) and their experience and training (expert opinion), but defense counsel failed to object when the State did not qualify either witness as an expert. Defendant does not, however, identify specific testimony from either witness that rose to the level of opinion requiring expert qualifications or demonstrate a reasonable probability that these witnesses would not have qualified as experts had the State offered them as such. Defendant therefore demonstrates neither error nor prejudice. *See Jackson*, 2020-NMCA-034, ¶ 60 (declining to consider an ineffective assistance of counsel argument based on a failure to object to lay opinion testimony when the defendant offered no developed argument to explain why certain testimony was improper lay opinion); *State v. Gwynne*, 2018-NMCA-033, ¶ 33, 417 P.3d 1157 (ending the plain error review because the district court properly admitted the challenged testimony).

**{10}**    Second, Defendant argues that both witnesses bolstered Victim's testimony and defense counsel failed to object. The identified testimony, Defendant maintains, "indirectly commented on the reliability of [Victim]'s statements and identified [Defendant] as [Victim]'s abuser based solely on [Victim]'s disclosures." It is well established that "[i]ncidental verification of [a] victim's story or indirect bolstering of [a victim's] credibility . . . is not by itself improper [because a]ll testimony in the prosecution's case will tend to corroborate and bolster the victim's story to some extent." *State v. Alberico*, 1993-NMSC-047, ¶ 89, 116 N.M. 156, 861 P.2d 192. Experts, however, may not directly comment on the victim's credibility, *see id.*, and expert opinion "may not be offered to establish that the alleged victim is telling the truth," *State v. Lucero*, 1993-NMSC-064, ¶ 15, 116 N.M. 450, 863 P.2d 1071 (internal quotation marks and citation omitted). Defendant cites *Garcia* and *Lucero* to support the argument that defense counsel erroneously failed to object and that admitting the testimony was plain error. We therefore consider the circumstances of those cases.

**{11}**    In *Garcia*, this Court determined to be plain error the admission of expert testimony that "repeatedly commented, both directly and indirectly, upon [the complainant]'s truthfulness, identified [the d]efendant as [the complainant]'s molester numerous times based solely on [the complainant]'s statement of events, and repeated in detail [the complainant]'s statements regarding the sexual abuse." 2019-NMCA-056, ¶ 12. In *Lucero*, the expert commented directly on the complainant's credibility, named the perpetrator, and stated that the complainant's symptoms "were in fact caused by sexual abuse." 1993-NMSC-064, ¶¶ 15-17. Our Supreme Court observed in *Lucero* that "repeating what the complainant tells the expert may not be necessary [to] explain[] the basis of" the expert's opinion that the complainant suffered from post-traumatic stress

disorder that was consistent with sex abuse. *Id.* ¶ 19. The testimony in the present case did not or only briefly recounted Victim's statements, did not state that Victim was actually molested or that Defendant actually was the molester, and did not opine that Victim's statements were truthful. *Cf. Lucero*, 1993-NMSC-064, ¶¶ 5-6; *Garcia*, 2019-NMCA-056, ¶¶ 9, 11. The SANE witness provided more detail about the sexual acts that Victim reported. But relating the Victim's report about what happened was necessary for the SANE witness to explain her opinion about the physical injuries that she observed and whether those injuries were consistent with sexual abuse. *Cf. Lucero*, 1993-NMSC-064, ¶ 19 (questioning the relevance of an expert repeating the complainant's statement about the abuse for the purpose of diagnosing post-traumatic stress disorder). The witnesses did not repeatedly comment on the details of Victim's statements to the extent that defense counsel's failure to object was objectively unreasonable or admission of the testimony amounted to plain error. Further, on cross-examination, defense counsel questioned the SANE witness about Victim's specific statements. Later, in closing argument, defense counsel contrasted Victim's SANE examination statements with Victim's testimony in order to challenge Victim's credibility. We view the cross-examination as a reasonable trial tactic that could explain defense counsel's failure to object. *See Dombos*, 2008-NMCA-035, ¶ 39 ("[I]f on appeal we can conceive of a reasonable trial tactic which would explain the counsel's performance, we will not find ineffective assistance." (internal quotation marks and citation omitted)). In this context, therefore, Defendant has neither established plain error nor a prima facie case for ineffective assistance of counsel.

**{12}** Defendant's third argument to support ineffective assistance of counsel and plain error is that the SANE witness improperly testified from her report—not her independent recollection—and the testimony was therefore without foundation. Defendant maintains that defense counsel was ineffective for failing to object and that plain error resulted from the district court not imposing the Rule 11-612 NMRA procedure for using a writing to refresh a witness's recollection. *See State v. Macias*, 2009-NMSC-028, ¶ 23, 146 N.M. 378, 210 P.3d 804, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. The improper refreshment in the present case raises no "grave doubts" about the verdict. *See Garcia*, 2019-NMCA-056, ¶ 10 (internal quotation marks and citation omitted). Further, as we have noted, defense counsel used the details of the SANE witness's report to mount a challenge to Victim's credibility. We therefore conclude that the failure to object to any improper refreshment of recollection could have been a reasonable trial tactic and not ineffective assistance of counsel. *See Dombos*, 2008-NMCA-035, ¶ 39.

**{13}** Although Defendant did not establish a prima facie case for ineffective assistance of counsel, he "may pursue habeas corpus proceedings should he be able to provide evidence to support his claims." *Id.* ¶ 41.

## CONCLUSION

**{14}** For the reasons stated herein, we remand for the district court to vacate Defendant's three kidnapping convictions and otherwise affirm.

**{15}** IT IS SO ORDERED.

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**GERALD E. BACA, Judge**